

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **EDWIN PETER HEALEY** | § | Case No. 15-60471 |
| xxx-xx-9134 | § | |
| | § | |
| Debtor | § | Chapter 7 |

## MEMORANDUM OF DECISION[1]

This matter is before the Court upon hearing of the "Objection to the Proof of

Claim of Edwin N. Healey (Claim #2) Filed by the Debtor" (the "Objection") filed by

Edwin Peter Healey, the Debtor, on March 21, 2017.   The Objection challenges the

allowance of a proof of claim filed by Edwin N. Healey, a creditor and party-in-interest in

the above-referenced bankruptcy case.   Upon conclusion of the hearing, the Court took

the matter under advisement.   This memorandum of decision disposes of all issues

pending before the Court.[2]

*Background*

Prior to the filing of his bankruptcy petition, the Debtor, Edwin Peter Healey, was

a defendant in a lawsuit prosecuted by his father, Edwin N. Healey (the "Claimant" or the

"Father"), and pending before the 3rd Judicial District Court in and for Henderson

---

[1] This Memorandum of Decision is not designated for publication and shall not be considered as precedent, except under the respective doctrines of claim preclusion, issue preclusion, the law of the case or as to other evidentiary doctrines applicable to the specific parties in this proceeding.

[2] This Court has jurisdiction to consider the claim objection pursuant to 28 U.S.C. §1334(b) since it statutorily constitutes a core proceeding as contemplated by 28 U.S.C. §157(b)(2)(A), (B), and (O) and meets all constitutional standards for the proper exercise of full judicial power by this Court.

County, Texas under Case No. 2014C-0638 and styled as *Edwin N. Healey v. E. Peter Healey and Paul C. Healey* (the "State Court Litigation").  The Debtor also prosecuted counterclaims and third-party claims of his own in the State Court Litigation.

Based upon jury findings issued on June 18, 2015, after a multi-day trial, the state court entered a Final Judgment on June 30, 2015, in favor of the Claimant against the Debtor for actual damages in the amount of $243,615.42, statutory damages of $1,000 under the Texas Theft Liability Act, exemplary damages in the amount of $50,000, attorney's fees in the aggregate amount of $107,084.30, contingent attorney's fees in the event of appellate review, and post-judgment interest at 5% per annum (the "State Court Judgment").[3]  The State Court Judgment also declared that the Debtor should take nothing on any claims asserted by him in that litigation.[4]

On July 23, 2015, 23 days after the entry of the Final Judgment, the Debtor filed a voluntary petition in this Court for relief under Chapter 7 of the Bankruptcy Code.[5]  On October 29, 2015, the Debtor filed a Motion for Relief from Automatic Stay to Continue Judicial Action to allow him to complete all necessary actions to prosecute an appeal of the Judgment.[6]  Without opposition following proper notice, the Court granted that motion on November 15, 2015 which modified the automatic stay "to permit the 3rd

---

[3]  Ex. A to Claim #2-1.

[4]  *Id*. at 4.

[5]  Jason R. Searcy was subsequently appointed as the Chapter 7 trustee.

[6]  Dkt #30.

Judicial District Court, Henderson County Texas under Cause No. 2014C-0638 styled *Edwin N. Healey v. E. Peter Healey and Paul C. Healey*, to proceed to final judgment, including any appeal therefrom, and to allow all parties to file appropriate post-trial motions, and/or to take all appropriate actions to perfect and prosecute an appeal of any Judgment issued by the 3rd Judicial District Court in any appropriate state appellate court; provided, however, that the automatic stay remains in effect to preclude the collection of any judgment or the exercise of any right against Edwin Peter Healey or the Bankruptcy Estate of Edwin Peter Healey, without the further order of this Court."[7]

On the basis of that order, after the denial of certain orders by the trial court, the Debtor proceeded to prosecute an appeal of the State Court Judgment before the Court of Appeals for the Twelfth District of Texas at Tyler (the "Court of Appeals").[8]  Presumably because his filing of a voluntary Chapter 7 petition had invoked the automatic stay under 11 U.S.C. § 362(a), the Debtor never superseded the State Court Judgment pursuant to Section 52.006 of the Texas Civil Practice and Remedies Code and the various subparts of Rule 24 of the Texas Rules of Appellate Procedure.

On November 18, 2015, Claimant, by and through Elizabeth N. Healey, acting as an authorized agent, filed a proof of claim for $401,699.72, the cumulative amount of awarded damages and attorney's fees in the State Court Judgment excluding the awards

---

[7] Dkt #33.

[8] The Court takes judicial notice that the validity of the State Court Judgment against the Debtor has now been affirmed on appeal through a published opinion. *Healey v. Healey*, 2017 WL 2962835 (Tex. App. –Tyler July 12, 2017).

of contingent fees and post-judgment interest (the "Father's Claim").[9]  The Debtor

subsequently filed his claim objection to the Father's Claim, primarily on the asserted

basis that, since the matter was on appeal, the State Court Judgment was not a final

judgment.  The objection further objects based upon a challenge to the validity of a

Durable Power of Attorney held by Elizabeth Healey.

On May 12, 2017, in response to the Debtor's request for a continuance of the

hearing to consider his claim objection, the Court raised concerns regarding its judicial

power to adjudicate the Debtor's proffered claim objection, particularly in light of the

potential applicability of the *Rooker-Feldman* doctrine, and directing the parties to

address those issues and whether dismissal (or denial) of the claims objection was

warranted.  Upon a further continuance, the Court conducted an initial hearing on July 6,

2017.  At the end of that hearing, the Court took the matter under advisement.[10]  This

Order disposes of all issues pending before the Court.

*Procedural Process*

The burden of persuasion under the bankruptcy claims procedure always lies with

the claimant, who must comply with FED. R. BANKR. P. 3001 by alleging facts in the

---

[9]  Claim #2-1.

[10]  This Court has jurisdiction to consider the claim objection pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a).  The Court has the authority to enter a final order in this contested matter since it constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(B).

proof of claim that are sufficient to support the claim.[11]  If the proof of claim is executed

and filed by a claimant in accordance with the Federal Rules of Bankruptcy Procedure, it

constitutes *prima facie* evidence of the validity and amount of that claim, FED. R. BANKR.

P. 3001(f), and is deemed allowed unless a party in interest objects under 11 U.S.C.

§ 502(a).[12]  Once a claimant has satisfied its initial requirement, the burden of going

forward with the evidence then shifts to the objecting party to produce evidence at least

equal in probative force to that offered by the proof of claim and which, if believed,

would refute at least one of the allegations that is essential to the claim's legal

sufficiency.  *See Lundell v. Anchor Const. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035,

1041 (9th Cir. 2000); *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (B.A.P. 2d Cir.

2000).  If the objecting party meets this evidentiary requirement, then the burden of going

forward with the evidence shifts back to the claimant to sustain its ultimate burden of

persuasion to establish the validity and amount of the claim by a preponderance of the

evidence.  *See In re Consumers Realty & Development Co.*, 238 B.R. 418 (B.A.P. 8th Cir.

1999); *In re Alleghany International, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992).

    In this case, the Court finds that claim #2-1 is properly filed and is entitled to

---

[11]  If, however, the claimant fails to allege facts in the proof of claim that are sufficient to support the claim, *e.g.* by failing to attach sufficient documentation to comply with FED. R. BANKR. P. 3001(c), the claim is not automatically disallowed; rather, it is merely deprived of any *prima facie* validity which it could otherwise have obtained.  *See In re Los Angeles Int'l Airport Hotel Assoc.*, 196 B.R. 134, 139 (B.A.P. 9th Cir. 1996).

[12]  A proof of claim, however, does not qualify for that *prima facie* evidentiary effect if it is not executed and filed in accordance with the Bankruptcy Rules.  *See First Nat'l Bank of Fayetteville v. Circle J. Dairy (In re Circle J Dairy, Inc.)*, 112 B.R. 297, 300 (W.D. Ark. 1989).

*prima facie* validity.  Though the Debtor contends that the Durable Power of Attorney executed by the Father in favor of his sister, Ms. Elizabeth Healey, is invalid based on capacity and undue influence, the effectiveness of the proof of claim is not affected because an authorized agent need not demonstrate the existence of a power of attorney in order to file a proof of claim.  FED. R. BANKR. P. 9010(c).[13]  Further, an examination of the claim demonstrates no attempt by Ms. Healey to subvert the payment rights of the Claimant.  Payment of the asserted judgment amount is directed to the Claimant's attorneys in the State Court Litigation upon which the claim is based.  Thus, the Debtor's assertion that "[T]he claim should not be allowed unless the validity of the Durable Power of Attorney is determined by a final judgment" is legally without merit and must be rejected.

Thus, the burden falls upon the Debtor to present evidence of equal probative force that refutes the claim's legal sufficiency.  The Debtor seeks to uphold that burden by contending that the State Court Judgment "is not a final judgment" because of the pendency of an appeal.  Placed in the vernacular of bankruptcy claims litigation, the

---

[13] Fed. R. Bankr. P. 9010(c) states:

> (c)  Power of Attorney.  The authority of any agent, attorney in fact or proxy to represent a creditor for any purpose *other than the execution and filing of a proof of claim* or the acceptance or rejection of a plan shall be evidenced by a power of attorney conforming substantially to the appropriate Official Form.

(emphasis added).  The fact that the Debtor has acknowledged the existence, if not the validity, of the State Court Judgment in other pleadings and hearings before this Court and the likelihood that recognition of the State Court Judgment could be granted as an informal proof of claim under applicable jurisprudence also dictates acceptance of the presentation of the proof of claim.

Debtor's claim objection is based upon his contention that, from the enumerated categories of valid grounds for objection in § 502(b), "such claim is unenforceable against the debtor and property of the debtor, under . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). However, the Debtor's legal arguments against the enforceability of the State Court Judgment awarded to the Claimant, and thus the underlying validity of the challenged claim, are patently false and without support under applicable law.

The Debtor's contention that the unsuperseded State Court Judgment is "not a final judgment" because of the pendency of an appeal is refuted by nothing less than the Supreme Court of Texas. After evaluating the policy arguments regarding finality of judgments, the Texas Supreme Court in 1986 stated: "Therefore, we now adopt the rule of the *Restatement (Second) of Judgments* § 13, and hold that a judgment is final for the purposes of issue and claim preclusion despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo." *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986). The Supreme Court has recently again confirmed that "[T]o suspend execution of a money judgment on appeal, a judgment debtor *must post security as required by Section 52.006 of the Texas Civil Practice and Remedies Code and Rule 24 of the Texas Rules of Appellate Procedure.*" *In re Longview Energy Co.*, 464 S.W.3d 353, 355 (Tex. 2015)(emphasis added).

If a judgment debtor declines to supersede a final judgment while he pursues an appeal of it, he does so at his own peril. As a final judgment that has not been

superseded, the State Court Judgment is enforceable now, absent the Debtor's bankruptcy filing.[14]  Additionally, again absent the Debtor's bankruptcy filing, all judgment collection tools contemplated by the state execution process are now available as to this unsuperseded final judgment.  As stated in *In re Romero, Gonzalez & Benavides, L.L.P.*, 293 S.W.3d 662 (Tex. App.– San Antonio 2009, orig. proceeding):

> . . . the prevailing party has a statutory right to obtain an execution of the judgment pending appeal unless and until the judgment debtor properly supersedes the judgment.  The Rules of Appellate Procedure allow a judgment debtor to supersede a judgment, thereby suspending enforcement, by posting security set by the trial court, *not by merely filing an appeal*. Unless the judgment debtor files a supersedeas bond to delay the enforcement of the final judgment, the trial has no discretion to suspend the enforcement of the final judgment pending appeal.

*Id*. at 664 (citations omitted) (emphasis added).   Indeed, the Texas Supreme Court has granted mandamus relief on the basis that: "[A] party is entitled to mandamus relief to vacate an order that wrongly denies a prevailing party's attempt to enforce an unsuperseded judgment."  *In re Crow-Billingsley Air Park, Ltd.*, 98 S.W.3d 178, 179 (Tex. 2003).   As ordered by the Texas Supreme Court in *Scurlock Oil*, not only is an unsuperseded final judgment enforceable, it is entitled to full *res judicata* effect.

---

[14]  Of course, the Debtor elected in this case, in lieu of obtaining a supersedeas bond, to file his voluntary petition for relief under Chapter 7 of the Bankruptcy Code, thereby obtaining the protections of the automatic stay and precluding enforcement pending appeal without the necessity of obtaining a supersedeas bond.  Such voluntary action to seek the protections of the stay, and obtain a Chapter 7 discharge, while simultaneously seeking to delay the prompt completion of the Chapter 7 liquidation process raises implications of bad faith.

*Scurlock Oil*, 724 S.W.2d at 6, as recognized in *JGM Holdings, L.L.C. v. T-Mobile USA, Inc.*, 568 F. App'x. 316, 320 (5th Cir. 2014) and *Oscar Renda Contracting, Inc. v. H & S Supply Co., Inc.*, 195 S.W.3d 772, 775-76 (Tex. App. – Waco 2006, pet. denied) [recognizing the *Scurlock Oil* decision as a "landmark case"].

The United States Supreme Court has instructed that "[c]onsistent with our prior statements regarding creditors' entitlements in bankruptcy, we generally presume that claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 453 (2007) [citing 11 U.S.C. § 502(b)]. In his objection, however, the Debtor is effectively requesting for this Court to take a completely opposite tack — to refuse to recognize (or, in another sense, to refuse enforcement through the payment of . . . ) a valid, subsisting, unsuperseded judgment of a Texas district court as the basis for a distribution from a Chapter 7 bankruptcy estate. That fact triggered this Court's inquiry into the applicability of the *Rooker-Feldman* doctrine.[15] Though the unsuperseded State Court Judgment is subject to mandatory enforcement, all manner of execution processes,

---

[15] The *Rooker-Feldman* doctrine is a jurisdictional doctrine prohibiting a lower federal court, whose jurisdiction is strictly original, from usurping the functions of a state appellate court. The *Rooker-Feldman* doctrine prevents lower federal courts from reviewing a state court decision, even if a party does not explicitly state that a review of a state court judgment is being sought, when the issues raised in the federal court would be "inextricably intertwined" with that state court judgment and the federal court would, in essence, be called upon to review the state court decision. *Davis v. Bayless*, 70 F.3d 367, 375-76 (5th Cir. 1995) (citing *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994)). A claim entertained by a lower federal court is "inextricably intertwined" with those addressed in the state court "whenever the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *In re Popkin & Stern*, 259 B.R. 701, 706 (B.A.P. 8th Cir. 2001) (quoting *Bechtold v. City of Rosemount*, 104 F.3d 1062, 1065 (8th Cir. 1997)).

and capable of engendering both claim and issue preclusion doctrines under applicable state law, the Debtor wants this Court to ignore that law and to refuse any recognition of the validity of the State Court Judgment, notwithstanding its unsuperseded state, until all of the Debtor's appellate options have been exhausted.  He effectively demands protection from this Court from the mechanisms of Texas law in order to facilitate his continued attack upon the legitimacy of the State Court Judgment.   Functionally, that is precisely what the *Rooker-Feldman* doctrine is designed to prevent — the losing party in state court filing a federal court action to avoid the impact of a rendered (and, particularly, an unsuperseded) state court judgment and seeking a rejection of that valid judgment through federal court processes.  *See, e.g., Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1142-43 (2nd Cir. 1986); *Ryan v. Loui (In re Corey)*, 892 F.2d 829, 834 (9th Cir. 1989), both as discussed in *In re Audre, Inc.*, 202 B.R. 490, 494-97 (Bankr. S.D. Cal. 1996).[16]

However, in order to avoid any unnecessary jurisdictional thorns that might otherwise conflict with this Court's core jurisdiction over the claims adjudication process, and notwithstanding the fact that the Debtor's challenge to bar enforcement of the State

---

[16]  It could also be persuasively argued that the Debtor's attack on the legitimacy of the Claimant's claim is precluded under *res judicata* principles.  Certainly res judicata applies under Texas law to the State Court Judgment in its current state.  *Scurlock Oil*, 724 S.W.2d at 6; *JGM Holdings, L.L.C.*, 568 F. App'x. at 320; and *Oscar Renda Contracting*, 195 S.W.3d at 775-76.  Under Texas law, res judicata "requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action.  *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).  This court is, of course, bound to recognize the preclusion principles arising from state law in this context due to the full faith and credit clause.  *Cox v. Nueces County, Texas*, 839 F.3d 418, 420-21 (5th Cir. 2016).

Court Judgment without the posting of a supersedeas bond may violate res judicata

principles, the Court will deny the Debtor's claim objection on substantive, statutory

grounds.  A close, literal reading of the claim objection reveals that it is not technically

seeking to relitigate the state court issues.[17]  Instead, the Debtor cleverly couches his

objection in this manner:

> Debtor objects to the claim in that it is based on a judgment that is not a
> final [judgment] but is on appeal.  The appeal seeks to have the Judgment
> against the Debtor reversed and remanded. . . . The Claim should not be
> allowed unless the Judgment is affirmed and becomes a final judgment, not
> subject to being vacated.[18]

The Debtor essentially asks this Court for a stay pending appeal — a stay that is

unavailable under state law.  Of course, the Debtor offers no jurisprudence in support of

his contentions because, as illustrated earlier, Texas jurisprudence is diametrically

opposed to the Debtor's position.  Indeed, even the Texas Court of Appeals recognized in

the related, severed case of the Debtor's brother that "[t]he trial court's judgment against

Paul Healey and E. Peter Healey is now a final judgment."  *Healey v. Healey*, 2016 WL

4098750, at *3 (Tex. App. —Tyler, July 29, 2016, pet. denied) (citing TEX. R. CIV. P.

---

[17]  The Court need not address any alternative ground offered by the objection.  The hypothetical
"contingency" involving the severance of the case involving Mark J. Healey has been eliminated by
judicial decree.  *Healey v. Healey*, 2016 WL 4098750, at *3 (Tex. App. —Tyler, July 29, 2016, pet.
denied, June 9, 2017).  Further, the adversary complaint to determine the dischargeability of the State
Court Judgment will not require this Court to determine the amount of the claim since such claim has
already been liquidated by the state court proceeding and is binding on the parties thereto through the
principles of issue preclusion.

[18]  Dkt # 68 at 2-3.

329b(c) and (e) - motion for new trial overruled by operation of law after seventy-five days; judgment final thirty days after motion for new trial overruled).

The State Court Judgment constitutes a final judgment against the Debtor which, without the intervention of a supersedeas bond, is a fully enforceable and executable claim pursuant to Texas law and remains legally binding upon the Debtor in favor of the Claimant. Under those conditions, notwithstanding the pendency of an appeal by the Debtor, such an enforceable claim must be recognized as an allowed claim in a bankruptcy proceeding. *In re Casey*, 198 B.R. 910, 917-18 (Bankr. S.D. Cal. 1996); *In re Daily*, 2010 WL 148414, at *2-3 (Bankr. M.D. Tenn. 2010).[19] Because the Debtor has failed to demonstrate any legal grounds by which the claim of Edwin N. Healey is unenforceable against him or the bankruptcy estate created upon his filing of a Chapter 7 voluntary petition, his attempt to overcome the validity otherwise afforded to the claim filed on behalf of Edwin N. Healey must fail and the Objection to the Proof of Claim of Edwin N. Healey (Claim #2) filed by the Debtor, Edwin Peter Healey, shall be denied.

This memorandum of decision constitutes the Court's findings of fact and conclusions of law[20] pursuant to Fed. R. Civ. P. 52, as incorporated into contested matters

---

[19] It is imperative that the Chapter 7 case administration proceed with all due diligence toward distribution of dividends. Otherwise the Debtor will have succeeded in thwarting the collection of an enforceable claim against him for no legitimate bankruptcy purpose while simultaneously reaping the benefits of a Chapter 7 discharge.

[20] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The Court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.

**-12-**

in bankruptcy cases by Fed. R. Bankr. P. 7052 and 9014.  A separate order will be entered

which is consistent with this opinion.

Signed on 10/25/2017

THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE